**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **PLUM CREEK TIMBERLANDS, L.P.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13CV00062 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **YELLOW POPLAR LUMBER COMPANY, INC., ET AL.,** | ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendants. | ) | |

*Francis H. Casola, Woods Rogers PLC, Roanoke, Virginia, Aaron B. Houchens, Stanley, Houchens & Griffith, Moneta, Virginia, and T. Shea Cook, Richlands, Virginia, for Plaintiff; Wade W. Massie and Mark L. Esposito, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants EQT Production Company and Range Resources-Pine Mountain, Inc.; J. Scott Sexton, H. David Gibson, Gregory D. Habeeb, and Kathleen L. Wright, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, for Defendants Edwin F. Legard, Jr., Elizabeth Anne Cox, Trustee, William B. Baker, Jr., Trustee, Matthew Trivett, and Michael Trivett; John E. Jessee, Jessee & Read, P.C., Abingdon, Virginia, for Defendants Donald A. McGlothlin, Jr., Mary L. Burton, Leah Anne McGlothlin, and Kevin T. McGlothlin; John M. Lamie, Guardian ad Litem for Unknown Successors in Title to Yellow Poplar Lumber Company, Inc.; and Charles S. Bartlett, Pro Se Defendant.*

The plaintiff Plum Creek Timberlands, L.P. ("Plum Creek") filed this action in the Circuit Court of Buchanan County, Virginia, seeking a declaration that it was the lawful owner of certain natural gas interests located in that county and that a 1930 deed purporting to convey such property was null, void, and of no effect. The property in question was formerly owned by Yellow Poplar Lumber

Company, Inc. ("Yellow Poplar"), which entity had been the subject of bankruptcy proceedings in the Western District of South Carolina at the time of the 1930 deed. Plum Creek bases its claim on an earlier deed from Yellow Poplar's bankruptcy trustee.

This case was removed from state court to the United States Bankruptcy Court for the Western District of Virginia by defendants EQT Production Company and Range Resources-Pine Mountain, Inc. ("Range Resources"). At the request of Plum Creek, this court withdrew reference of the case from the bankruptcy court. *See* 28 U.S.C.A. § 157(d) (West 2006 & Supp. 2013).

Plum Creek has moved to remand the case to state court on the ground that this court lacks subject-matter jurisdiction. In addition Range Resources and other defendants have filed cross claims and counterclaims seeking adjudication of their respective interests in the property. Motions to dismiss have been filed by Plum Creek and certain defendants as to these claims, all of which, along with Plum Creek's Motion to Remand, have been fully briefed and are ripe for decision.[1]

I find that this court does have subject-matter jurisdiction of the case and that the various motions to dismiss must be denied.

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

## I. MOTION TO REMAND.

In its Amended Complaint, Plum Creek contends that by decree dated September 13, 1929, the United States District Court for the Western District of South Carolina, acting in bankruptcy, directed the trustee of Yellow Poplar, the bankrupt, to convey to W.M. Ritter Lumber Company in fee certain tracts of land located in Buchanan County, Virginia. The court's decree described the four tracts of land to be conveyed, but also included the following catch-all description:

> It being the intention to embrace herein and convey hereby all of the tracts, pieces or parcels of land, or interests in land owned by Yellow Poplar Lumber Company on the watersheds of Levisa River and Dismal Creek and their tributaries in said Buchanan County, Virginia, whether hereinabove described, or referred to, or not.

(ECF No. 6-4, page 628.) Accordingly, a deed dated September 21, 1929, was made and duly recorded from Gallie Friend, Trustee, to W.M. Ritter Lumber Company ("Ritter Lumber"), which deed included the property descriptions set forth in the court's decree. The conveyance was thereafter approved by the court.

At the time of its bankruptcy, Yellow Poplar was the owner of certain tracts of land described as Tracts 10 and 11 in a deed dated January 6, 1906, from Excelsior Coal and Lumber Company ("Excelsior") to Yellow Poplar. In the bankruptcy proceeding, a decree of the district court directed the conveyance of Tract 10 to C.G. Jackson. That deed, dated October 16, 1930, is the target of Plum Creek's action. Plum Creek claims to be the successor in title to Ritter Lumber

and because Tract 10 is on the watershed of the Levisa River, asserts that it could not have been conveyed by the later C.G. Jackson deed. Similarly, Plum Creek contends that as the successor to Ritter Lumber, it owns interests in Tract 11, which it asserts is also on the watershed of the Levisa River and thus included in the Ritter Lumber deed.

In their pleadings, the defendants who have appeared deny the claims of Plum Creek and contend that they are the proper successors in title under the C.G. Jackson deed. In addition, they assert other sources of title to their claimed interests in the property.

Based upon the allegations of the Amended Complaint, I find that subject-matter jurisdiction exists.

The standard for removal jurisdiction is well established. "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, [I] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted).

District courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C.A. §

1334(a), (b) (West 2006). A cause of action "arises under" the law that creates it. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Where state law creates the cause of action, a "case might still 'arise under' the laws of the United States if a well-pleaded complaint establishe[s] that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

A cause of action "arising in" Title 11 is one that is '"not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy."' *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996) (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).

Finally, a cause of action is "related to" Title 11 when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."' *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997)) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis removed). '"An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate."' *Id.* at 625-26 (quoting *Pacor, Inc.*, 743

F.2d at 994.). After the bankruptcy plan has been confirmed, for there to be "related to" jurisdiction, '"the claim must affect an integral aspect of the bankruptcy process — there must be a close nexus to the bankruptcy plan or proceeding."' *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 167 (3d Cir. 2004)). "[U]nder this inquiry '[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Id.* at 836-37 (quoting *Binder*, 372 F.3d at 167.)

The current cause of action arises in Title 11. Whether a claim arises in Title 11 depends on whether it has origins in the bankruptcy case. For example, in *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003), the court held that a district court had federal bankruptcy jurisdiction over an attorney malpractice claim that arose during the bankruptcy case since it "would have no practical existence but for the bankruptcy." *Id.* at 471 (quoting *Bergstrom*, 86 F.3d at 372). In contrast, in *Valley Historic Limited Partnership*, the court rejected the debtor's argument that there was "arising in" jurisdiction over breach of contract and tortious interference claims where the debtor alleged that the breach of contract had caused the bankruptcy and the tortious interference had complicated administration of the bankruptcy case. It reasoned:

> It seems self-evident that a claim, like the Debtor's breach of contract claim, that pre-dates the filing of the Chapter 11 case cannot be said to have arisen within that case, and whether it caused the bankruptcy is immaterial. . . . It follows that because the Debtor's breach of contract claim and tortious interference claim would have existence outside the bankruptcy, they were not within the bankruptcy court's "arising in" jurisdiction.

486 F.3d at 836. Here, decrees of the district court directed the trustee of Yellow Poplar to make the conveyances at issue. The deeds at issue "would have no practical existence but for the bankruptcy." *Bergstrom*, 86 F.3d at 372 (internal quotation marks omitted).

A bankruptcy court has jurisdiction to determine what constitutes property of the estate. *Kraken Invs. Ltd. v. Jacobs (In re Salander-O'Reilly Galleries, LLC)*, 475 B.R. 9, 29 (S.D.N.Y. 2012) ("[A] proceeding to determine the bounds of the estate 'arises under' Title 11, or at least is one that has no existence outside bankruptcy, and thus is core as an 'arising in' proceeding." (internal citations omitted)). Determining what constitutes property of the estate generally involves determining the property interests of various parties. *Olivie Dev. Grp. LLC v. Ki Chang Park*, No. C11-1691Z, 2012 WL 1536207 at *4 (W.D. Wash. Apr. 30, 2012) ("A bankruptcy court's finding regarding the parties' interests in property is necessarily a function of determining what constitutes property of the estate."). This almost always requires application of state law. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law.

Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); *Tidewater Fin. Co. v. Kenney*, 531 F.3d 312, 318 (4th Cir. 2008) ("The principle that state law determines the rights and obligations of debtors and creditors when the Bankruptcy Code fails to supply a federal rule is well recognized."). The fact that state law must be applied to determine who owns the property interests at issue does not remove this matter from the jurisdiction of the bankruptcy court; the deeds at issue in this case would not exist but for Yellow Poplar's bankruptcy proceeding.

Additionally, it is a longstanding principle that a bankruptcy court "[has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). This jurisdiction exists regardless of whether the bankruptcy case has been closed. *Williams v. Citifinancial Mortg. Co. (In re Williams)*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders."). Indeed, in *Travelers Indemnity Co.*, the Court held that a bankruptcy court had jurisdiction to interpret and enforce an order entered twenty years earlier. 557 U.S. at 151. Jurisdiction exists even if the bankruptcy court would not have had jurisdiction over the original action. *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934) (discussing how a federal court

has jurisdiction "to secure or preserve the fruits and advantages of a judgment or decree rendered therein . . . . irrespective of whether the court would have jurisdiction if the proceeding were an original one." (internal citations omitted)).

Bankruptcy courts are frequently called upon to interpret prior orders. *See, e.g., Tenet Healthsystem Phila., Inc. v. Nat'l Union of Hosp. & Health Care Emps. (In re Allegheny Health, Educ. & Research Found.),* 383 F.3d 169, 176 (3d Cir. 2004) (finding that bankruptcy court retained jurisdiction over suit and counterclaim because "[appellant's] suit to vacate the arbitration award and [appellee's] counterclaim to enforce it required the court to interpret [its previously entered] sale orders"); *LTV Corp. v. Back (In re Chateaugay Corp.)*, 201 B.R. 48, 62 (Bankr. S.D.N.Y. 1996) ("The issues in these adversary proceedings plainly require the Court to interpret and enforce the Court's prior orders."). Interpretation of a prior order is generally considered a core matter, denoting "arising under" or "arising in" jurisdiction. For example, in *Falck Props., LLC v. Parkvale Fin. Corp. (In re Brownsville Prop. Corp., Inc.*, 469 B.R. 216 (Bankr. W.D. Pa. 2012), the court considered a motion to remand in an action asserting breach of contract and unjust enrichment claims against the debtor's secured creditor by the intended purchaser of the debtor's real property. *Id.* at 221-222. The court held that the claims were core matters of the bankruptcy case, reasoning:

> No one disputes that the Court had the jurisdiction to enter the Prior Orders concerning sale of the Property, and the Court itself finds

> that such Prior Orders represented core matters. . . . Resolution of the Complaint filed by Falck will necessarily involve the interpretation of the Prior Orders, and therefore is itself a core matter.

*Id.* at 224 (footnote omitted).

Similarly, in *Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223 (2d Cir. 2002), the court held that the bankruptcy court had subject-matter jurisdiction over a post-sale contract dispute between two non-debtors. *Id.* at 228. The court considered several factors. It reasoned that "the contract dispute . . . involved rights specifically established by the sale order" and was thus '"inextricably linked to"' the sale order. *Id.* at 230 (quoting *Comco Assocs. v. Faraldi Food Indus., Ltd.*, 170 B.R. 765, 772 (E.D.N.Y. 1994)). It reasoned that the bankruptcy court had post-confirmation jurisdiction since the dispute "involved interpretation of the bankruptcy court's orders." *Id.* Finally, it reasoned, "The contract dispute between Luan and Marianne [the non-debtors] was thus a continued attempt by Luan to recover rent originally claimed from the estate. As such, it uniquely affected and was uniquely affected by the bankruptcy court's core functions of determining Luan's claim and administering the estate." *Id.*

Here, Plum Creek, the alleged successor in interest to Ritter Lumber, a purchaser of bankruptcy estate property, seeks interpretation of deeds directed by the bankruptcy court. Specifically, Plum Creek seeks a declaration that a 1930

deed purporting to convey property of the bankruptcy estate to C.G. Jackson was null, void, and of no effect. Deciding Plum Creek's claim involves interpretation of bankruptcy court orders and uniquely affects property which was sold as part of administration of the estate. This action presents a dispute over what happened in the bankruptcy proceeding. I find that this matter arose in the bankruptcy proceeding, and thus falls under the jurisdiction of this court. Finding this basis for jurisdiction, I need not reach the alternative bases for jurisdiction.

## II. MOTIONS TO DISMISS.

In cross claims and counterclaims, certain of the defendants, including Range Resources, seek adjudication by the court of their claims to the property in question in the case. Plum Creek, along with certain defendants, have filed motions to dismiss these cross claims and counterclaims.

No discovery has taken place in the case. While construction of the language of the sources of title is likely involved in the case, issues of fact are also alleged and are not susceptible of resolution at this point in the case. Accordingly, the motions will be denied. Obviously, I cannot predict the outcome of later dispositive motions once the facts appear of record.

## III. Conclusion.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Remand (ECF No. 6-4, page 698) is DENIED;

2. Plaintiff Plum Creek Timberlands, L.P.'s Motion to Dismiss (ECF No. 6-2, page 398) is DENIED;

3. Defendants Donald A. McGlothlin, Jr., Mary L. Burton, Leah Anne McGlothlin and Kevin T. McGlothlin's Motion to Dismiss the Crossclaim of Range Resources-Pine Mountain, Inc. (ECF No. 6-5, page 809) is DENIED;

4. Defendants Lagard [sic], Cox and Baker's Motion to Dismiss the Crossclaim of Range Resources-Pine Mountain, Inc. (ECF No. 6-5, page 843) is DENIED;

5. Plum Creek Timberlands, L.P.'s Motion to Dismiss Counterclaim of Defendants Edwin F. Legard, Jr., Anne Cox, Trustee, and William G. Baker, Jr., Trustee, and Memorandum in Support (ECF No. 6-6, page 932) is DENIED;

6. Defendants Matthew Trivett and Michael Trivett's Motion to Dismiss the Crossclaim of Range Resources-Pine Mountain, Inc. (ECF No. 6-6, page 967) is DENIED;

7. Plum Creek Timberlands, L.P.'s Motion to Dismiss Counterclaim of Defendants Donald A. McGlothlin, Jr., Mary L. Burton, Leah A. McGlothlin and Kevin T. McGlothlin and Memorandum in Support (ECF No. 6-6, page 1038) is DENIED;

8. Plum Creek Timberlands, L.P.'s Motion to Dismiss Counterclaim of Defendants Matthew Trivett and Michael Trivett and Memorandum in Support (ECF No. 5) is DENIED; and

9. Defendant Charles S. Bartlett's Motion to Dismiss the Crossclaim of Range Resources-Pine Mountain, Inc. (ECF No. 76) is DENIED.

ENTER: March 31, 2014

/s/ James P. Jones
United States District Judge