IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **PLUM CREEK TIMBERLANDS, L.P., ET AL.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:13CV00062 |
| v. | ) ) ) | |
| **YELLOW POPLAR LUMBER COMPANY, ET AL.,** | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| **IN RE YELLOW POPLAR LUMBER COMPANY,** | ) ) ) | Case No. 1:15CV00037 |
| Debtor. | ) ) | |

**OPINION AND ORDER**

*Francis H. Casola and Erin Boyd Ashwell, Woods Rogers PLC, Roanoke, Virginia, Aaron B. Houchens, Stanley, Houchens & Griffith, Moneta, Virginia, and T. Shea Cook, Richlands, Virginia, for Plaintiffs; Wade W. Massie and Seth M.Land, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants EQT Production Company and Range Resources-Pine Mountain, Inc.; J. Scott Sexton, Gregory D. Habeeb, Kathleen L. Wright, and Daniel R. Sullivan, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, for Defendants Edwin F. Legard, Jr., et al.; and John M. Lamie, Guardian ad Litem for Unknown Successors in Title to Yellow Poplar Lumber Company, Inc.*

On July 20, 2015, the United States District Court for the District of South Carolina reopened the long-closed Yellow Poplar Lumber Company bankruptcy case and transferred it to this court. Subsequent to the reopening of the bankruptcy case, the parties were invited to recommend to the court the proper method of selection and appointment of a trustee in the reopened case, as well as any other procedures believed necessary for the prompt resolution of the underlying action.[1]

Certain of the defendants have filed a joint response, recommending that attorney John M. Lamie be appointed trustee for the Estate of Yellow Poplar. Previously, this court appointed Mr. Lamie as guardian ad litem to represent the unknown successors in title to Yellow Poplar Lumber Company, Inc. ("Yellow Poplar"). (Order, Dec. 10, 2013, ECF No. 101.)

The plaintiffs, Plum Creek Timberlands. L.P., and Highland Resources, Inc. (collectively "the plaintiffs" or "Plum Creek"), have objected to the defendants' recommendation. The plaintiffs contend that, pursuant to the Bankruptcy Act and the former Rules of Bankruptcy Procedure, Yellow Poplar's creditors are entitled to elect the trustee in a creditors' meeting. Moreover, the plaintiffs contend that Lamie is not qualified to serve as trustee because his role as guardian ad litem for Yellow Poplar's successors in title would create a conflict of interest. The

---

[1] The nature of the underlying case has been discussed in a prior opinion of the court, *Plum Creek Timberlands, L.P. v. Yellow Poplar Lumber Co.*, No. 1:13CV00062, 2014 WL 1289776 (W.D. Va. Mar. 31, 2014), and will not be repeated here.

plaintiffs propose that this court order that Yellow Poplar's creditors convene a creditors' meeting to elect a trustee on behalf of the bankrupt estate, subject to court approval and appointment.

Rather than the current bankruptcy rules, former Rule of Bankruptcy Procedure 209(b) (1973) governs the procedure for appointing a trustee in this reopened bankruptcy proceeding. Yellow Poplar's bankruptcy proceeding was commenced in 1927, under the Bankruptcy Act of 1898. The Bankruptcy Reform Act of 1978, which established the modern Bankruptcy Code, instructs "that cases commenced under the Bankruptcy Act are to continue as if the Bankruptcy Reform Act had not been enacted." *In re Parr*, 3 B.R. 692, 698 (Bankr. E.D.N.Y. 1980); *see also In re Dunning Bros. Co.*, 410 B.R. 877, 883 (Bankr. E.D. Cal. 2009) (explaining that "cases under the former Bankruptcy Act are not subject to the Bankruptcy Code"). Therefore, the "rights of the parties in connection with this matter are governed by the law applicable as if the Bankruptcy Reform Act had not been enacted." *In re Parr*, 3 B.R. at 696.

There is another caveat, however. In 1973, a new set of Bankruptcy Rules was promulgated that trumped the nonsubstantive provisions of the Bankruptcy Act. Order Adopting Bankruptcy Rules, 411 U.S. 991 (1973); 28 U.S.C. § 2075 (1964) ("All laws in conflict with such [bankruptcy] rules shall be of no further force or effect after such rules have taken effect."). Therefore, in accordance with

§ 2075, the 1973 Bankruptcy Rules must supersede any conflicting provisions of the Bankruptcy Act.

As a result of these developments, "the Bankruptcy Act and, to the maximum extent feasible, the former Bankruptcy Rules apply" to this reopened bankruptcy proceeding. *In re Dunning Bros.*, 410 B.R. at 883.

The former Rule of Bankruptcy Procedure 209 sets forth the procedure for appointing a trustee on behalf of a bankrupt estate, and, as explained above, supersedes the provisions of the Bankruptcy Act. *Id.* at 881. Rule 209 provides:

> (a)　Election at First Meeting
>
> The creditors of a bankrupt entitled to vote under Rules 207 and 208 shall elect a trustee at the first meeting, subject to approval by the court and to the provisions of this rule.
>
> (b)　Appointment by the Court
>
> Except as provided in Rule 211, the court shall appoint a trustee if (1) the creditors do not elect a trustee; (2) the trustee elected fails to qualify; (3) a vacancy occurs in the office of trustee; or (4) a trustee is needed in a reopened case. If an elected trustee is disapproved by the court for ineligibility or other good cause, the court may appoint a trustee.

Fed. R. Bankr. P. 209 (1973).

Plum Creek contends that, pursuant to Rule 209(a), Yellow Poplar's creditors have the right to appoint the trustee, subject to approval and appointment of the court. Since Plum Creek is a successor in interest to W.M. Ritter, Yellow

Poplar's largest creditor, Plum Creek asserts that it has the right to participate the election of the trustee.

Plum Creek's reading, however, defies the plain language of Rule 209. Rule 209(a) provides that the creditors of a bankrupt shall elect a trustee "at the first meeting. By contrast, section (b) of the Rule provides that "the court shall appoint a trustee if . . . a trustee is needed in a reopened case." Thus, Rule 209 differentiates between the procedures for selecting a trustee during an initial bankruptcy, and when a bankruptcy is reopened. This approach is confirmed by the Notes of Advisory Committee on Rules, which states the Rule's intent to provide authority for the court to appoint a trustee without an election when authorized by the Rules. *See In re Eloise Curtis, Inc.*, 388 F.2d 416, 419 (2d Cir. 1967) ("While the principle of creditor control may justify acceding to the creditors in the matter of a first choice, it constitutes no such compelling consideration as to require that the person who ultimately serves as trustee must be chosen by the creditors."); *see also In re Parr*, 3 B.R. at 699 (holding that "creditors are given the initial chance to elect a trustee: when the trustee elected fails to qualify, for whatever reason, the bankruptcy court then appoints a trustee"). Under Rule 209, the court's authority to appoint a trustee without a creditors' election includes the reopening of a bankruptcy.

Plum Creek cites *In re Dunning Bros.*, but that case does not support its position. The court there clarified that "Bankruptcy Rule 209(b) specifies that the court shall appoint a trustee if . . . a trustee is needed in a reopened case. Since Rule 209(b) supersedes the statute, the creditor's vote at the meeting of creditors to appoint [the] trustee constituted, as a matter of law, a recommendation that the court appoint him." 410 B.R. at 881 (internal quotation marks and citation omitted). *In re Dunning Bros.* held that any recommendation of creditors as to a trustee in a reopened case would not be binding because the court retains the authority to appoint the trustee. Therefore, *In re Dunning Bros.* confirmed that, pursuant to Rule 209(b), the court must appoint the replacement trustee.

Additionally, Plum Creek contends that Mr. Lamie is not qualified to serve as trustee, because he was previously appointed to serve as guardian ad litem for the unknown successors in title to Yellow Poplar. Subsequent to his appointment, Mr. Lamie moved to intervene in the litigation on behalf of the successors to Yellow Poplar's shareholders (ECF No. 343), and filed a response in opposition to Plum Creek and Range Resources' pending motions for summary judgment (ECF No. 357). Plum Creek contends that Mr. Lamie cannot simultaneously represent Yellow Poplar's unknown successors and serve as a neutral trustee on behalf of the bankrupt estate.

While Plum Creek's concerns have merit, I believe it is nonetheless appropriate at this stage to appoint Mr. Lamie as trustee. In his capacity as guardian ad litem, Mr. Lamie was appointed to represent the interests of all unknown successors in title to Yellow Poplar, in order to ensure that all interested parties are represented in this ongoing litigation. The scope of Mr. Lamie's representation of Yellow Poplar's successors is limited to the ownership issues and does not include the distribution of any assets. Therefore, at this point, Mr. Lamie's duty to maximize the recovery for the bankrupt estate is aligned with the interests of Yellow Poplar's shareholders and creditors. Importantly, given Mr. Lamie's familiarity with the complexities of this case, his appointment as trustee will materially assist in expeditiously resolving this long-pending litigation, to the benefit of all of the parties. Should a conflict arise in the future, however, the court may appoint a substitute trustee or take other action to ensure that any conflict of interest is mitigated.

Accordingly, it is **ORDERED** as follows:

1. John M. Lamie is hereby appointed trustee for Yellow Poplar Lumber Company in Case No. 1:15CV00037;

2. John M. Lamie, Trustee for Yellow Poplar Lumber Company, is hereby added as a party defendant in Case No. 1:13CV00062;

3. The trustee must file his responsive pleadings within 14 days from the date of entry of this Order; and

4. The clerk shall schedule a hearing on all pending motions.

    ENTER: August 24, 2015

    /s/  James P. Jones
    United States District Judge