# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| WEYERHAEUSER COMPANY, ET AL., ETC., | ) ) ) |
| Plaintiffs, | ) Case No. 1:13CV00062 ) |
| v. | ) **OPINION AND ORDER** ) |
| YELLOW POPLAR LUMBER COMPANY, INC., ET AL., | ) By: James P. Jones ) United States District Judge ) |
| Defendants. | ) |

*Wade W. Massie and Seth M. Land, Penn Stuart & Eskridge, Abingdon, Virginia, for Range Resources-Pine Mountain, Inc., Range Resources-Appalachia, LLC, EQT Production Company, and EQT Production Nora, LLC; and Jennifer Shaver Friedel, Shaver Law Office, PLLC, Blacksburg, Virginia, for John J. Horschel, Henry T. "Hank" Horschel, William B. Douglas, Jr., Albert G. Friend, James F. Friend, and Jon Friend.*

This case involves a dispute over ownership of the gas estate on land located in Virginia. The principal parties previously moved for summary judgment, which I denied as to all parties, and the case is set to proceed to trial. Defendants Range Resources-Pine Mountain, Inc., Range Resources-Appalachia, LLC, EQT Production Company, and EQT Production Nora, LLC (collectively "Range/EQT") have now moved to dismiss the crossclaim asserted by defendants

John H. Horschel, Henry T. "Hank" Horschel, William B. Douglas, Jr., Albert G. Friend, James F. Friend, and Jon P. Friend (collectively "Horschels/Friends").

I.

I thoroughly reviewed the procedural history and facts of this case in my previous opinion denying summary judgment as to all parties and will not repeat them here. Op. & Order 4-11, ECF No. 428. However, since I issued my opinion denying summary judgment, certain events have occurred that warrant mention here.

At the time I denied summary judgment, John M. Lamie was serving both as bankruptcy trustee for Yellow Poplar Lumber Company ("Trustee") and as counsel for Horschels/Friends. A few days after I issued my opinion, the plaintiffs[1] sought to have Mr. Lamie removed as Trustee due to an alleged conflict of interest. Mot. to Appoint Substitute Bankruptcy Trustee, ECF No. 429. In response, Mr. Lamie moved to withdraw as counsel for Horschels/Friends.[2] Mot. to Withdraw as Counsel, ECF No. 437. I granted this motion and substituted Jennifer Shaver

---

[1] The plaintiffs in this case were formerly Plum Creek Timberlands, L.P. and Highland Resources, Inc. Upon notice that Plum Creek merged with Weyerhaeuser Company, with Weyerhaeuser Company as the surviving entity, and that Highland Resources would soon merge with Weyerhaeuser NR Company, with Weyerhaeuser NR Company as the surviving entity, I entered an order substituting parties. Order, ECF No. 451.

[2] Mr. Lamie stated that, although no conflict of interest existed, he would withdraw in order to avoid the appearance of any conflict.

Friedel (formerly Jennifer L. Shaver) as counsel for Horschels/Friends. Order, ECF No. 443. Mr. Lamie continued to represent the interests of Yellow Poplar as Trustee.

One week later, defendants Range/EQT moved to dismiss the crossclaim of Horschels/Friends for lack of standing. This motion has been briefed by Range/EQT and Horschels/Friends and is ripe for decision.[3]

II.

A bankruptcy trustee "has capacity to sue and be sued" on behalf of the estate. 11 U.S.C. § 323(b). This standing to sue is exclusive to the trustee: "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999); *see also Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988) (holding that when a "claim is property of the estate, the trustee is given full authority over it"). A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). A cause of action seeking a declaration of ownership of property — such as the one raised here by the Trustee and Horschels/Friends — is therefore part of the estate if the

---

[3] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

-3-

estate possessed an interest in the property when the bankruptcy proceeding began. *See Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*, 702 F.3d 772, 776 (4th Cir. 2012) (noting that "[a] debtor's right to bring a legal claim is part of the bankruptcy estate under . . . § 541(a)").

Range/EQT have moved to dismiss the claim of Horschels/Friends based on this principle of trustee-exclusive standing. They state that "[t]he Trustee and the Horschels/Friends have asserted identical claims" and argue that because these claims properly "belong to the bankruptcy estate," Horschels/Friends lack standing to assert them. Mem. Supp. Mot. to Dismiss 3-4, ECF No. 450. As a result, they say, the claims of Horschels/Friends should be dismissed for lack of subject matter jurisdiction.

In response, Horschels/Friends argue that they "have a significant interest in this matter, and are appropriate intervenors under the law." Mem. Opp'n Mot. to Dismiss 2, ECF No. 453. They note that they are not attempting to preempt the claim asserted by the Trustee and argue that dismissing their claim "will have the untenable effect of denying [them] the opportunity to pursue their claims" and will allow Range/EQT to "escape liability to Yellow Poplar." *Id.* at 3. They also protest that if they are dismissed from the action and the Trustee is unsuccessful, their claim will be lost.

-4-

III.

I agree with Range/EQT that Horschels/Friends lack standing to pursue their crossclaim. The claim raised by Horschels/Friends is identical to that raised by the Trustee. Both parties seek declarations that they own the gas interest on the relevant property and that they are entitled to money damages. Because they allege that this interest was owned by Yellow Poplar at the time it entered bankruptcy, this claim is part of the bankruptcy estate. Neither the crossclaimants nor Range/EQT have suggested otherwise.

It is clear that the Trustee has standing to assert these claims of the estate. *See* 11 U.S.C. § 323. The question is whether this standing is exclusive to the Trustee or whether Horschels/Friends, as successors in interest to Yellow Poplar's shareholders or creditors, have such standing as well. Yellow Poplar's bankruptcy occurred under Chapter 11. The Fourth Circuit has not directly addressed this question of standing in the context of a Chapter 11 bankruptcy, but its decisions in the contexts of Chapter 7 bankruptcies are instructive.

In *Steyr-Daimler-Puch of America*, the court held that a Chapter 7 creditor could not bring claims on behalf of the estate because the trustee alone had "full authority" over such claims. 852 F.2d at 136. Subsequently, in *National American Insurance Company* — another Chapter 7 case — the court reiterated that "the trustee alone has standing to bring [a] claim" and held that the debtor's sureties

therefore lacked such standing. 187 F.3d at 441. Because "the trustee's role is to bring suits . . . on behalf of *all* the creditors," the court concluded, the sureties' interests were adequately represented by the Trustee. *Id.* (emphasis added). The reason for this trustee-exclusive standing is efficiency: "the trustee's single effort eliminates the many wasteful and competitive suits of individual creditors." *Id.* at 441-42 (citation omitted). More recently, in *Poth v. Russey*, the court reiterated that "[c]reditors . . . lack standing to bring 'causes of action [that] are . . . similar in object and purpose to claims that the trustee could bring in bankruptcy.'" 99 F. App'x 446, 457 (4th Cir. 2004) (unpublished) (quoting *Nat'l Am. Ins. Co.*, 187 F.3d at 441).[4]

Horschels/Friends protest that dismissing their claim for lack of standing would allow Range/EQT to "escape liability to Yellow Poplar for their wrongful actions." Mem. Opp'n Mot. to Dismiss 3, ECF No. 453. I disagree. The interests of the Trustee and Horschels/Friends in this case are aligned. They claim ownership of the same property and entitlement to the same asserts. The causes of

---

[4] Most recently, the Fourth Circuit found that Chapter 13 *debtors* possess standing, "concurrent with that of the trustee . . . to maintain a non-bankruptcy cause of action on behalf of the estate." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342-43 (4th Cir. 2013). However, it explicitly based this holding on the unique position enjoyed by Chapter 13 debtors, and it noted that the principle of trustee-exclusive standing still applies to "causes of action . . . brought by creditors and by Chapter 7 debtors." *Id.* (citing cases). Because *Wilson*'s exception was specifically limited to Chapter 13 debtors, and Horschels/Friends are Chapter 11 creditors, the *Wilson* exception does not apply here.

action brought by Horschels/Friends are not merely "similar in object and purpose" to the causes of action brought by the Trustee, but are literally identical. If Range/EQT engaged in conduct that harmed Horschels/Friends, that conduct necessarily also harmed Yellow Poplar's estate, and it is for the Trustee to prosecute that claim. Horschels/Friends do not have standing to pursue their claim here.[5]

Moreover, Horschels/Friends' argument that dismissing their crossclaim in this case would "deny[ ] [them] the opportunity to pursue their claims" altogether, *id.*, is simply untrue. Should the Trustee prevail in this case, the assets awarded to the estate will be handled in the context of the bankruptcy proceeding. As parties in interest to Yellow Poplar's bankruptcy, Horschels/Friends will certainly have the right to raise their claims in that proceeding. *See* 11 U.S.C. § 1109(b). Until that time, however, the Trustee has "full authority over [the claim]." *Steyr-Daimler-Puch of Am. Corp.*, 852 F.2d at 136.

---

[5] I note that Horschels/Friends *would* have standing to assert these claims if the Trustee had abandoned them. *Steyr-Daimler-Puch of Am.*, 852 F.2d at 136 (holding that a creditor can pursue a claim if there has been "a judicial determination that the trustee in bankruptcy has abandoned the claim"). However, given that the Trustee in this case has joined the crossclaim asserted by Horschels/Friends, there clearly has been no such abandonment here.

For the reasons stated, I find that Horschels/Friends lack standing to pursue their crossclaim and that Range/EQT's Motion to Dismiss must therefore be granted.[6]

IV.

It is accordingly **ORDERED** that Range/EQT's Motion to Dismiss (ECF No. 449) is GRANTED and Horschel/Friends' Crossclaim Against Range

---

[6] Range/EQT assert that if Horschels/Friends lack standing to assert their crossclaim, this court necessarily lacks subject matter jurisdiction over it. Mem. Supp. Mot. to Dismiss 3, ECF No. 450. However, it is not clear whether Horschels/Friends' lack of standing in this case is a matter of prudential standing or statutory standing. Dismissal for lack of prudential standing is based on a lack of subject matter jurisdiction, whereas dismissal for lack of statutory standing is more properly based on a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *CGM, LLC v. BellSouth Telecomm., Inc.*, 664 F.3d 46, 52-53 (4th Cir. 2011).

The difference between prudential and statutory standing can be procedurally dispositive. *See, e.g.*, *Gribben v. United States (In re Gribben)*, 158 B.R. 920, 922 (S.D.N.Y. 1993) (noting that because the Government's "argument about statutory standing . . . does not go to the court's constitutional jurisdiction over the case, . . . it [was] waived . . . by the Government's failure to raise it in the proceedings below"). While an objection to prudential standing, and thus to subject matter jurisdiction, may be made at any time, an objection to statutory standing, construed as a motion to dismiss for failure to state a claim, may be made only in accordance with Federal Rule of Civil Procedure 12(h)(2). If the issue in this case is one of statutory standing — a question I decline to decide here — it is possible that I would deny Range/EQT's motion on procedural grounds.

However, Horschels/Friends have neither raised this issue nor argued for denial of the motion on procedural grounds. Furthermore, if I did deny this motion on procedural grounds, Range/EQT could properly raise this issue in accordance with Rule 12(h)(2)(C). Because the law is otherwise clear, and because to deny this motion solely on procedural grounds would be an inefficient use of time in this already-lengthy case, I will grant the motion without deciding whether the standing at issue here is prudential or statutory.

-8-

Resources-Pine Mountain, Inc. (ECF No. 384) is DISMISSED WITHOUT PREJUDICE.

                                          ENTER: January 3, 2017

                                          /s/ James P. Jones
                                          United States District Judge